**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Crim. No. 11-173 (MJD/JJK) |
| Plaintiff, | |
| v. | |
| (2) Angelo Banks, and<br>(3) Iwabi Oyenowo, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

John Docherty, Esq., Assistant United States Attorney, counsel for Plaintiff.

Richard H. Kyle, Jr., Esq., Fredrikson & Byron, PA, counsel for Defendant Banks.

Robert M. Christensen, Esq., Robert M. Christensen, PLC, counsel for Defendant Oyenowo.

This matter is before the Court on Defendant Bank's Motion for Severance (Doc. No. 44), Defendant Oyenowo's Motion to Sever Defendant (Doc. No. 80), and Defendant Oyenowo's Motion to Dismiss Indictment on Grounds of Insufficient Allegations (Doc. No. 79).  The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R.  72.1.  This Court held a hearing on the motions on June 27, 2011.  For the reasons stated below, this Court recommends that Defendants' motions be denied.

**BACKGROUND**

Defendants Banks and Oyenowo, along with Co-Defendant Osagiede,[1] were indicted on charges of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344.  (Doc. No. 37.)   Defendant Banks was also charged with two counts of bank fraud in violation of 18 U.S.C. § 1344, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956.  (*Id.*) Defendant Oyenowo was also charged with three counts of bank fraud in violation of 18 U.S.C. § 1344, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956, and one count of money laundering in violation of 18 U.S.C. § 1956.  (*Id.*)  The Government is prosecuting all Defendants together in this consolidated proceeding.

**DISCUSSION**

**I.    Motions for Severance**

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses.  Fed. R. Crim. P. 8(b).  "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  Further, persons charged with conspiracy should generally be tried together and it will rarely be improper for co-conspirators to be tried together.  *United States v. Kindle*, 925 F.2d 272, 277 (8th

---

[1]    Defendant Osagiede entered a plea of guilty as to Counts 1 and 8 of the Indictment on June 30, 2011.  (*See* Doc. No. 122.)

Cir. 1991); *United States v. Stephenson*, 924 F.2d 753, 761 (8th Cir. 1991); *see also United States v. Abdul-Ahad*, Crim. No. 08-142(7) (DSD/SRN), 2009 WL 35473, at *2 (D. Minn. Jan. 5, 2009) ("Co-conspirators 'will generally be tried together.'") (quoting *United States v. O'Meara*, 895 F.2d 1216, 1218 (8th Cir. 1990)).  Joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537 (quotations omitted).  But courts have discretion under Fed. R. Crim. P. 14(a) to sever co-defendant trials or joinder of offenses where the joinder of the trials may result in real prejudice to one of the defendants.  *United States v. Wadena*, 152 F.3d 831, 850 (8th Cir. 1998).

Defendants Banks and Oyenowo have filed motions for severance requesting that they receive separate trials.  Defendant Banks recites the proper standards under which severance is reviewed, however he provides no specific reasons for severing his trial from the trial of his Co-Defendants.  Based on the caselaw cited in Defendant Banks's boilerplate motion, it appears that he is asserting that he would be prejudiced in some way by a joint trial.  However, he does not state how he would be prejudiced.

In Defendant Oyenowo's motion, he states that his trial should be severed from his Co-Defendants because:

>    1.  Defendant has been indicted with numerous co-defendants in a multi-count indictment.
>
>    2.  Specifically, Defendant is charged, along with the co-defendants, with offenses relating to the distribution of controlled substances.

3

    3.  When the co-defendants were arrested, one or more of them may have made various statements to the government agents inculpating Defendants.

    4.  If Defendant is tried with the co-defendants, the government will likely use at trial inculpatory information elicited from the co-defendants at the time of their arrest or on other unknown occasions.

    5.  If the co-defendants did not testify, Defendant would not be able to cross-examine the co-defendants, due to the co-defendant's Fifth Amendment privilege against self-incrimination.

    6.  This denial of the opportunity to cross-examine a co-defendant would violate Defendant's Sixth Amendment right to cross-examine witnesses against him, as upheld in <u>Bruton v. United States</u>, 391 U.S. 123 (1968).

    7.  The inherently antagonistic nature of these defenses compels severance of Defendant's trial from that of his co-defendants.

(Doc. No. 80, Def. Oyenowo Mot. to Sever Def. 1–2.)

    The Government opposes these motions, noting a strong policy interest in joint trials for co-conspirators and a strong presumption against severing cases. (Doc. No. 105.)  The Government points out that only three Co-Defendants have been indicted together in this case, not "numerous" Co-Defendants as Defendant Oyenowo asserts.  The Government also asserts that neither Defendant has attempted to show factually how he is prejudiced by joinder, neither Defendant has articulated how any specific trial right would be compromised by a joint trial, and neither Defendant has explained how a joint trial would prevent the jury from making a reliable judgment.  This Court addresses Defendants' presumed concerns below, beginning with any claims based on *Bruton*.

## A. Bruton claims

Defendants have a Sixth Amendment right to confront the witnesses against them, and a Fifth Amendment right not to be made witnesses against themselves. "In a joint trial, these rights collide when co-defendants implicate each other in confessions that are introduced into evidence." *United States v. Ortiz*, 315 F.3d 873, 899 (8th Cir. 2002). In *Bruton*, the Supreme Court held that instructing the jury to consider the confession of a particular defendant only against that defendant, and not against his co-defendant, was insufficient to protect the co-defendant's rights. 391 U.S. at 137; *see also United States v. High Elk*, 442 F.3d 622, 625 (8th Cir. 2006) ("*Bruton* is grounded on the Sixth Amendment right to confrontation and prohibits the admission of an out-of-court confession by a nontestifying defendant implicating a co-defendant by name in the crime."). However, *Bruton* applies only to facially incriminating confessions. *United States v. Logan*, 210 F.3d 820, 822 (8th Cir. 2000). *Bruton* does not apply when a co-defendant's statements do not incriminate the defendant either on their face or when considered with other evidence. *United States v. Rashid*, 383 F.3d 769, 776 (8th Cir. 2004). Therefore, "[i]f a co-defendant's confession does not incriminate the defendant on its face, but does so only when linked to additional evidence, it may be admitted if a limiting instruction is given to the jury and the defendant's name is redacted from the confession." *Id.* (quotations omitted). This is because "[i]f the non-testifying defendant's confession is capable of being redacted to eliminate any indication that the defendant existed,

5

such a statement loses its prejudicial impact." *United States v. Martin*, No. CRI. 02-127 (ADM/AJB), 2002 WL 31426191, at *4 (D. Minn. Oct. 28, 2002) (citing *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)).

Defendant Oyenowo asserts in his motion that when Co-Defendants were arrested, one of more of them "may" have made statements to agents inculpating Defendant Oyenowo, and that if so, the Government would likely use this inculpatory information at trial. However, the Government represents that the statements of Co-Defendants have been disclosed, and Defendant Oyenowo does not identify what statements are inculpatory, and does not address whether those statements are incriminatory on their face. Therefore, at this point, nothing before this Court indicates that *Bruton* will be violated. Of course, if upon review of the statements prior to trial, or at trial when actual testimony is proffered, further *Bruton* protections can be re-evaluated.

### A.   Other arguments

With regard to Defendants' other arguments, there is a presumption that "[p]ersons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense." *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002). A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. "A general

complaint of prejudice is an insufficient basis for severance." *Abdul-Ahad*, 2009 WL 35473, at *2. The Eighth Circuit has stated:

> Because defendants who are jointly indicted on similar evidence from the same or related events should normally be tried together, to warrant severance a defendant must show "real prejudice," that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." . . . A defendant can demonstrate real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants . . . . The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions.

*United States v. Michelson*, 378 F.3d 810, 817–18 (8th Cir. 2004) (citations omitted). In other words, severance is used sparingly, and alternative, less drastic measures addressing the potential for prejudice often will suffice to cure any risk of prejudice. *See Zafiro*, 506 U.S. at 537, 538–39; *United States v. Flores*, 362 F.3d 1030, 1039 (8th Cir. 2004) ("[T]he standard for severance is high; the prejudice must be severe or compelling.").

The Co-Defendants in this case have been indicted for conspiring with one another to commit bank fraud, among other related federal offenses. The record before this Court suggests that with regard to the alleged scheme, "proof of the charges against each of the [D]efendants is based on [some of] the same evidence and acts." *See O'Meara*, 895 F.2d at 1218 ("Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts."). And the remaining counts charged in the Indictment arise from the same, similar, or

7

related transactions or series of incidents constituting related crimes. Under these circumstances, the general rule in the Federal system is that the Co-Defendants should be tried together.

Defendants' motions for severance contain only conclusory and speculative statements regarding prejudice as a result of a joined trial. Such general complaints of prejudice are insufficient to warrant severance. Here, neither Defendant has made a particularized showing of how any evidence would prejudice any them individually. *See United States v. Finn*, 919 F. Supp. 1305, 1323–24 (D. Minn. 1995) (stating that to prevail under Rule 14, Defendants "must each make a showing of real prejudice to themselves individually"). And although the likelihood of prejudice frequently arises from the possibility that the jury will hear some otherwise inadmissible evidence, the record before this Court does not suggest how any Defendant is unduly prejudiced by joinder with the other Defendants in this case to the extent necessary to overcome the preference for joinder of defendants in conspiracy-related cases. Even if Defendants can make some showing of "spillover effect," they are not entitled to severance "simply because evidence may be admissible as to [a co-defendant] but not as to [them]." *United States v. Helmel*, 769 F.2d 1306, 1322 (8th Cir. 1985). "[T]here is no requirement that, in order to allow a joint [t]rial, the evidence against each defendant must be quantitatively or qualitatively equivalent." *Finn*, 919 F. Supp. at 1324–25. Nor does the "mere existence of generally antagonistic defenses . . . necessitate a severance." *United States v.*

8

*Abfalter*, 340 F.3d 646, 652 (8th Cir. 2003) (quotations omitted); *see also Flores*, 362 F.3d at 1040 (stating that mutually antagonistic defenses sufficient to warrant severance "exist when the jury must disbelieve the core of one defense in order to believe the core of the other"). And, "[t]he mere fact that . . . one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials." *Gravatt*, 280 F.3d at 1191 (quotations omitted). Here, Defendant Oyenowo generally asserts only that "[t]he inherently antagonistic nature of these defenses compels severance." (Doc. No. 80 at 2.) He does not explain what the "defenses" are that he is referring to, and he does not argue that the "defenses," whatever they may be, are irreconcilable.

Although severance may be appropriate when defendants are tried in a complex case with markedly different degrees of culpability, *Flores*, 362 F.3d at 1040–41, this case involves related crimes, and no Defendant has argued that severance is appropriate here because of differing degrees of culpability. Even so, as explained in *United States v. Prime Plating, Inc.*, No. CRIM.04-208 (JRT/FLN), 2004 WL 2801595, at *4 (D. Minn. Nov. 24, 2004):

> The jury will be carefully instructed as to each count and as to any evidence that is to be considered only for certain purposes or against particular defendants. The jury will also be cautioned that each defendant is to be considered individually. Thus, the Court is confident that the jury will be able to distinguish between the defendants, between the charges brought against the defendants, and between the evidence pertaining to the particular charges and defendants.

This Court agrees. It is only speculation that a jury would be unable to

distinguish and apply the evidence relating to one Defendant from evidence relating to the other Defendant.

Because none of the moving Defendants have shown that severance is necessary to avoid risk of compromising any specific trial right to which he is entitled or to prevent the jury from making a reliable judgment as to his guilt or innocence, this Court recommends that Defendants Banks's and Oyenowo's motions for severance be denied.

## II.     Defendant Oyenowo's Motion to Dismiss the Indictment.

Defendant Oyenowo filed a three-sentence motion to dismiss the Indictment asserting that "[t]here was no competent evidence presented to the Grand Jury upon which this indictment is based," and that "[a]ll of the purported testimony given in respect thereto was opinion evidence as to proof of the ultimate fact and not competent affirmative facts to sustain the indictment." (Doc. No. 79.)  The Government opposed the motion.  At the hearing, neither party requested post-hearing briefing on the issue, and instead submitted the matter for the Court's review on the papers.

Defendant states only that he is making a motion to the Court to dismiss the Indictment and makes two conclusory statements.   His boilerplate arguments only go to sufficiency of the evidence before the Grand Jury.  However, "[i]t has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury."  *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) (citing *Costello v. United*

*States*, 350 U.S. 359, 363–64 (1956), and *United States v. Cady*, 567 F.2d 771, 776 (8th Cir. 1977)). Accordingly, Defendant Oyenowo's motion to dismiss based on lack of probable cause due to insufficient evidence should be denied.

## RECOMMENDATION

Based on the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Bank's Motion for Severance (Doc. No. 44), be **DENIED**;

2. Defendant Oyenowo's Motion to Sever Defendant (Doc. No. 80), be **DENIED**; and

3. Defendant Oyenowo's Motion to Dismiss Indictment on Grounds of Insufficient Allegations (Doc. No. 79), be **DENIED**.

Date: July 1, 2011

                                           *s/ Jeffrey J. Keyes*
                                           JEFFREY J. KEYES
                                           United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 11, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief on or before **July 15, 2011**. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

12

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten** days of receipt of the Report.